## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | PLAINTIFF DEMANDS TRIAL |
| | ) | BY JURY |
| Defendant. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, MICHAEL ROBERTS, by and through his attorneys, RIDGE & DOWNES, and for his cause of action against the Defendant, BNSF RAILWAY COMPANY, states and alleges as follows:

### PARTIES

1. The Plaintiff, MICHAEL ROBERTS, (hereinafter referred to as "ROBERTS") was, and at all times herein mentioned, a resident of New Lenox, Illinois.

2. Defendant, BNSF RAILWAY COMPANY, (hereinafter "BNSF") is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. BNSF, at all relevant time, does business as a common carrier by rail in counties in Illinois to include the County of Cook. The BNSF, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois.

3. At all times relevant, Defendant, BNSF, was and is subject to the provisions of the Federal Railroad Safety Act, including the Whistle Blower provisions of 49 U.S.C. 20109 as it relates to the employment of ROBERTS by BNSF.

4. At all times relevant, Defendant, BNSF, was and is subject to the provisions of the Federal Employers Liability Act, 45 U.S.C. §§56 *et al.* (FELA)

5. At all times relevant, ROBERTS, was an employee of BNSF and assigned to the Joliet Yard that is owned, operated and controlled by BNSF in the State of Illinois, City of Joliet.

## JURISDICTION AND VENUE

6. All acts that plaintiff has alleged in this complaint have occurred in this District.

7. This Court has jurisdiction over the defendant, BNSF, and venue is proper in this court under 28 U.S.C. § 1331 since this is a civil action brought pursuant to the Federal Rail Safety Act. (FRSA) as amended, 49 U.S.C. § 20109 *et seq* 29 C.F.R. Part 1982; 29 CFR § 1982.114 and the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 56.

## COUNT I (FELA)

Plaintiff, ROBERTS, for his first cause of action against the Defendant, BNSF, herein states and alleges as follows:

1-7. Plaintiff, ROBERTS, adopts and realleges paragraphs 1 through 7 as paragraphs 1 through 7 of Count I.

8. ROBERTS was a switchman to a territory covering areas in and around Joliet, Illinois, for BNSF.

9. On August 21, 2021, at approximately 6:00am, ROBERTS was in the course of his work day driving into Joliet yard through the Fire Road entrance. The Fire Road entrance was the only manner of ingress/egress ROBERTS could take to get into the BNSF Joliet Road. hit a pothole located at the Joliet Yard, in Joliet Illinois.

10. That as ROBERTS was driving into the BNSF Joliet Yard on the Fire Road entrance, his vehicle hit several potholes causing an injury to his back.

11. The roadway on which ROBERTS was required to drive in order to access his work site had been severely washed away and deteriorated, leaving very little level ground on which to drive a vehicle safely.

12. On August 21, 2021, Defendant, BNSF RAILWAY COMPANY, a corporation had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work, to provide reasonable safe contract transportation, and to provide warning of unsafe work conditions.

13. In violation of its duties, the Defendant, BNSF RAILWAY COMPANY, a corporation, committed one or more of the following negligent acts or omissions.

    a) failed to provide the Plaintiff with a safe place to work;

    b) failed to warn the Plaintiff of unsafe work conditions;

    c) Failed to provide the Plaintiff with a safe means of ingress and egress from BNSF's Joliet Yard;

    e) failed to warn Plaintiff of the unsafe condition concerning ingress and egress from BNSF's Joliet Yard;

    f) was otherwise careless and negligent

14. Plaintiff suffered serious and permanent injuries to his low back in whole or in part, by BNSF's negligence, specifically:

    a. Defendant negligently failed to provide Plaintiff with a reasonably safe place to work;

    b. Defendant negligently failed to reasonably inspect and/or maintain the specific area where Plaintiff was driving to reach his assignment where Defendant knew or should have known workers would be required to drive to perform their duties.

    c.    Defendant negligently failed to reasonably maintain an area where Defendant knew or should have known workers would be required to drive to perform their duties.

    d.    Defendant negligently failed to properly warn Plaintiff that said walk area was unsafe;

    e.    Defendant negligently failed in creating and permitting dangerous and hazardous conditions to exist on its roadways.

    f.    Was otherwise careless and negligent;

15. As a result, in whole or in part, of Defendant, BNSF's negligence, as set forth above, Plaintiff suffered serious and permanent injury to his low back; Plaintiff has received in the past and will in the future receive medical treatment for his injuries, in costs Plaintiff is unable to accurately determine at this time; Plaintiff has in the past and will in the future suffer emotional and physical pain;

16. As a further result, in whole or in part, of Defendant BNSF's negligence, as set forth above, Plaintiff has in the past and will in the future lose wages and/or suffer a loss of diminution of earning capacity, including loss of fringe benefits in an amount Plaintiff is unable to accurately estimate at this time;

17. By reason of each and all of the facts stated above, Plaintiff has suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff asks this Court to enter judgement in his favor and against the Defendant, BNSF, in such an amount sufficient to fully compensate Plaintiff, ROBERTS, for damages and injuries to be proven at trial for his costs and disbursement.

## COUNT II (FRSA)

Plaintiff, ROBERTS, for his second cause of action against BNSF, herein states and alleges as follows:

1-14. Plaintiff, ROBERTS, adopts and realleges paragraphs 1 through 14 of Count I as if originally pled herein.

15. ROBERTS's injury occurred when he was injured driving over potholes on Fire Road entrance into BNSF's Joliet yard.

16. While ROBERTS was recovering from his injury, he was informed of two disciplinary investigations initiated by BNSF against him.

17. On August 21, 2021, at approximately 6:00am, ROBERTS was in the course of his work day driving into Joliet yard through the Fire Road entrance. The Fire Road entrance was the only manner of ingress/egress ROBERTS could take to get into the BNSF Joliet Road. hit a pothole located at the Joliet Yard, in Joliet Illinois.

18. That as ROBERTS was driving into the BNSF Joliet Yard on the Fire Road entrance, his vehicle hit several potholes causing an injury to his back.

19. The roadway on which ROBERTS was required to drive in order to access his work site had been severely washed away and deteriorated, leaving very little level ground on which to drive a vehicle safely.

20. On August 21, 2021, Defendant, BNSF RAILWAY COMPANY, a corporation had a non-delegable duty to provide the Plaintiff with a reasonably safe place to work, to provide reasonable safe contract transportation, and to provide warning of unsafe work conditions.

21. In violation of its duties, the Defendant, BNSF RAILWAY COMPANY, a corporation, committed one or more of the following negligent acts or omissions.

      a)     failed to provide the Plaintiff with a safe place to work;

      b)     failed to warn the Plaintiff of unsafe work conditions;

      c)     Failed to provide the Plaintiff with a safe means of ingress and egress from BNSF's Joliet Yard;

      e)     failed to warn Plaintiff of the unsafe condition concerning ingress and egress from BNSF's Joliet Yard;

      f)     was otherwise careless and negligent

22. That BNSF's conduct was intended to intimidate and harass ROBERTS.

23. The FRSA was specifically violated and that the charged proceeded to arbitration on December 1, 2021 and were subsequently dismissed and that ROBERTS was cleared of any wrong doing with no discipline imposed. That the unlawful acts of BNSF at a time when plaintiff was recovering from the medical treatment he received as a result of his injury served to intimidate him.

24. That on or about February 18, 2022, Plaintiff filed a complaint with OSHA against Defendant contending the same allegations made herein and was assigned Cause ECN81118

25. That BNSF's conduct was clearly intended to intimidate Plaintiff and that Defendant's conduct as described herein was in clear violation of ROBERTS's rights under the Federal Railroad Safety Act, as amended, 49 U.S.C. § 20109 *et seq* 29 CFR Part 1982; 29 CFR § 1982.114.

26. September 28, 2022, Plaintiff, pursuant to 29 CFR § 1982.114, notified the Assistant Secretary, the Regional Administrator of OSHA and the Associate Solicitor, Division of Fair Labor Standards, U.S.D.O.L., that he would be filing his Complaint in the United States District Court for the Northern District of Illinois since the Secretary of Labor had not issued a final

decision and 210 days had passed since the filing of the Complaint with OSHA and that there was no showing that the delay was due to bad faith of the Plaintiff.

27. Plaintiff has satisfied all administrative prerequisites and that a copy of this Complaint has been filed with the Assistant Secretary, and this Complaint is timely and properly filed in this Court pursuant to 29 CFR § 1982.114.

28. As a result of Defendant's violation of 49 U.S.C. § 20109 *et seq*, Plaintiff has suffered and continues to suffer consequential compensatory damages for which relief is sought herein and which are properly recoverable under the provision of 49 U.S.C. § 20109, including reinstatement, compensatory and punitive relief available under the law with costs and other damages, and attorney's fees that will discourage the defendant from continuing it retaliatory course of conduct against employees who report personal injuries, seek medical treatment or unsafe practices and procedures at the work place.

WHEREFORE, Plaintiff respectfully prays that judgement be entered against Defendant BNSF in a sum which is fair and reasonable and in an amount which will fully and completely compensate him and prays for the following relief:

1. Under his First Claim for Relief, judgement against defendant for economic damages in an amount to be determined at trial and for non-economic damages in an amount not more than $50,000.00, and for his reasonable costs and disbursements;

2. Under his Second Claim for Relief, judgement against defendant for economic damages in an amount to be determined at trial, and his non-economic damages in an amount not more than $850,000, and for his costs and reasonable attorney fees;

Respectfully submitted,

Ridge & Downes


By: */s/James T. Farnan*
     James T. Farnan
     Attorney for Plaintiff

James T. Farnan
RIDGE & DOWNES
230 W. Monroe Street
Suite 2330
Chicago, IL 60606
Tel: (312) 372-8282
Fax: (312) 372-8560
Email: jfarnan@ridgedownes.com